IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELLIOTT RAGSDALE                                                                                    PLAINTIFF

VS.                                                                         CASE NO. 3:19-cv-26-CWR-FKB

U.S. SECURITY ASSOCIATES, INC. and
RICHARD L. WYCOFF, INDIVIDUALLY                                                    DEFENDANTS

## COMPLAINT and DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Elliott Ragsdale (hereinafter "Plaintiff"), files this action against Defendants, U.S. Security Associates, Inc. (hereinafter "U.S. Security") and Richard Wycoff, Individually (hereinafter "Wycoff") and collectively referred to as "Defendants" for unpaid minimum wage and overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

## NATURE OF SUIT

1.     The FLSA was passed by Congress in 1938.  The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.  This action is brought by Plaintiff under the FLSA to recover unpaid minimum wage and overtime compensation, liquidated damages and reasonable attorneys' fees and costs from Defendants.

## JURISDICTION

3.  Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid minimum wage and overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

4.  The United States District Court for the Southern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5.  The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## VENUE

6.  Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Mississippi has personal jurisdiction over Defendants and Defendants therefore "reside" in Mississippi.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendants within this district during the relevant time period subject to this Complaint and/or Defendants maintained a business operation within this district.

8.      Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9.      At all material times hereto, Defendant, U.S. Security is a corporation who operates and conducts business in Hinds County, Mississippi.

10.     Defendant, Richard Wycoff is an individual who, upon information and belief, lives and resides in Georgia and is listed as the director and president of U.S. Security Associates, Inc. on the Mississippi Secretary of State's site.

11.     At all times relevant to this action, Mr. Wycoff is an individual who owns, operates and conducts business on behalf of U.S. Security and who regularly exercises the authority to: (a) hire and fire employees of U.S. Security; (b) determines the work schedules for the employees of U.S. Security; and (c) controls the finances and operations of U.S. Security; and, by virtue of having regularly exercised that authority on behalf of U.S. Security, Richard Wycoff is an employer as defined by 29 U.S.C. §201, *et seq*.

12.     At all material times hereto, Plaintiff, Elliott Ragsdale was, is and continues to be a resident of Hinds County, Mississippi.

13.     Plaintiff was an employee of Defendants who worked as a security guard patrolling various properties, ensuring the safety of the residents and guests on those properties and engaging in other related activities for Defendants in Hinds County, Mississippi.

## COVERAGE

14. At all material times hereto (2015-2018), Plaintiff was an "employee" within the meaning of the FLSA.

15. At all material times hereto (2015-2018), Defendants were the "employer" within the meaning of the FLSA.

16. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

17. At all material times hereto (2015-2018), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

18. At all material times hereto (2015-2018), Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

19. At all material times hereto (2015-2018), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

20. At all material times hereto (2015-2018), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

21. At all material times hereto (2015-2018), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

   a) Operated instrumentalities of commerce;

   b) Transported goods in commerce;

c) Used channels of commerce;

d) Communicated across state lines; and/or

e) Performed work essential to any of the preceding activities.

22. Defendants and their officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

23. At all material times hereto (2015-2018), the work performed by Plaintiff was directly essential to the operations performed by Defendants.

24. At all material times hereto (2015-2018), Defendants failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those all hours worked or for hours worked in excess of forty (40) within a work week.

25. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

26. Defendant, U.S. Security is a security company run by Defendant, Richard Wycoff and headquartered at 200 Mansel Court East in Roswell, Georgia with a satellite location at 1991 Lakeland Dr. in Jackson (Hinds County) Mississippi.

27. Plaintiff, Elliott Ragsdale, worked as a security guard for Defendants.

28. Plaintiff worked in this capacity from approximately April 1, 2017 – July 10, 2018.

29. Plaintiff was paid $8.50 per hour in exchange for work performed.

30. Plaintiff provided such services as patrolling Defendants' properties and ensuring the safety of residents and clients on those properties.

31. Plaintiff periodically worked over forty (40) hours per work week.

32. Plaintiff's hours were reduced by approximately eleven (11) to fifteen (15) hours each week.

33. Defendants maintained a policy of reducing the hours worked by Plaintiff.

34. Defendants failed to pay Plaintiff proper minimum wage and overtime compensation at a rate of time-and-one-half his regular rate of pay for any hours worked over forty (40) in a week.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL) AGAINST ALL DEFENDANTS

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff is/was entitled to be paid at least minimum wage for each hour worked during his employment with Defendants.

37. During his employment with Defendants, Plaintiff was not paid at least the minimum wage for some hours worked during one or more workweeks.

38. Specifically, Plaintiff's hours were reduced thereby denying pay for some hours worked in a work week.

39. In a typical week, Plaintiff would not be paid for approximately eleven (11) to fifteen (15) hours.

40. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid at least the minimum wage for each hour worked during one or more weeks of his employment with Defendants.

41. Defendants willfully failed to pay Plaintiff at least minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

42. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

44. Defendants reduced Plaintiff's hours each week thereby avoiding payment of proper overtime compensation for some work weeks.

45. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

46. Plaintiff periodically worked over forty (40) hours per work week.

47. Plaintiff's hours would be reduced by approximately eleven (11) to fifteen (15) hours per week.

48. Despite working more than forty (40) hours in any given week, Defendants failed to pay Plaintiff overtime compensation at a rate of time-and-one-half his regular rate of pay for some hours worked over forty (40).

49. In addition, Defendants did not maintain and keep accurate time records for

Plaintiff as required by the FLSA.

50. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

51. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

52. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

53. Plaintiff demands judgment against Defendants for the payment of all hours worked at less than the minimum wage rate required by law and for all overtime hours at one-and-one-half times the regular rate of pay for the hours worked by him for which the Defendants did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

54. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Elliott Ragsdale, respectfully requests that judgment be entered in his favor against Defendants, U.S. Security Associates, Inc. and Richard L. Wycoff, Individually:

   a) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum hour provisions of the FLSA;

   b) Awarding Plaintiff minimum wage compensation in the amount due to him for all hours worked per work week;

c) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

d) Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

e) Awarding Plaintiff liquidated damages in an amount equal to both the minimum wage and overtime awards;

f) Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g) Awarding Plaintiff pre-judgment interest;

h) Ordering any other further relief the Court deems just and proper.

DATED, this the 11th day of January, 2019.

Respectfully submitted,
ELLIOTT RAGSDALE, PLAINTIFF

*/s/ Christopher W. Espy*
CHRISTOPHER W. ESPY (MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Tel:   601-718-2087
Fax:   601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF